**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DERRICK JOSEPH STABILE,
    Petitioner,

v.                                                                      Case No. 5:23-cv-4-KKM-PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS, FNU MOODY,
    Respondents.
_____

## ORDER

Derrick Joseph Stabile, a Florida prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (Doc. 1), and the response opposing the petition, (Doc. 16), the petition is denied.[1] Because reasonable jurists would not disagree, Stabile is not entitled to a certificate of appealability.

On August 2, 2002, the State charged Stabile with two counts of lewd and lascivious battery of a child in one case. (Doc. 16-1, Ex. A, p. 4.) In a separate case the State charged Stabile with two counts of burglary and one count of grand theft. (*Id.*, Ex. B, p. 7.) Stabile entered a single plea agreement for both cases in which he pleaded no contest to one count of lewd and lascivious battery and guilty to both counts of burglary, and the State nolle prossed the other lewd and lascivious battery count and the grand theft count. (*Id.*, pp. 7–8.) On January 27, 2003, the state trial court sentenced

---

[1] Stabile did not file a reply despite having the opportunity to do so. (*See* Doc. 3, p. 3.)

1

Stabile to a term of 60-months' imprisonment. (*Id.*, Ex. C, pp. 14–17.) Stabile served his sentence in the Florida Department of Corrections and was released from prison on July 13, 2007. (Doc. 1, p. 7.) Upon his release, Stabile was required to register as a sex offender. (*Id.*, p. 5.) Stabile did not appeal the judgment or sentence and did not move for postconviction relief until November 16, 2022, when he filed this petition. (*Id.*, pp. 2–5, 15.) In addition, on November 22, 2022, Stabile filed a pro se petition in the state trial court under Fla. Stat. § 943.04354 to remove his sex offender registration requirement.[2] (Doc. 16-1, Ex. E.) The state court rejected the pro se filing because Stabile was represented by counsel. (*Id.*, Ex. F, p. 35.)

In 2022, Stabile was convicted of two counts of failing to comply with the sex offender registration requirement and one count of possession of fentanyl. *See State v. Derrick J. Stabile,* 05-2022-CF-050847 (Brevard Cty., Fla.); *State v. Derrick J. Stabile*, 05-2022-CF-050425 (Brevard Cty., Fla.); *State v. Derrick J. Stabile*, 05-2022-CF-029253 (Brevard Cty., Fla.).[3] He is serving his sentences at Walton Work Camp. *See* Offender Search, Florida Department of Corrections, https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=S07083&TypeSearch=AI (last visited July 30, 2025).

---

[2] Under Fla. Stat. § 943.04354, defendants convicted of certain offenses may remove their sex offender registration requirement if they were not more than four years older than an underage victim. Fla. Stat. 943.04354(1)(c).

[3] A federal habeas court may take judicial notice of a state court docket under Federal Rule of Evidence 201. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020).

2

In this petition, Stabile contests his 2002 conviction and alleges that the requirement to register as a sex offender violates his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (Doc. 1, pp. 1, 5–10, 15.) Stabile claims that he pleaded to the lewd and lascivious battery charge because his lawyer told him he would not have to register as a sex offender and did not tell him about Fla. Stat. § 943.04354. (*Id.*, pp. 5, 7–9.) He further claims that the state attorney "acted in deliberate indifference and vindictivenessly [sic]" because she did not let the victim testify. (*Id.*, p. 10.) Stabile asks the Court to excuse his failure to timely file this petition and exhaust his claims because this "issue did not exist until 2018 and 2022 when he violated the registration rules and requirements and began to understand this more[.]" (*Id.*, pp. 5–11.) Respondent argues that Stabile is not entitled to relief because he is not "in custody" within the meaning of § 2254, and, in any event, his petition is untimely. (Doc. 16, pp. 4–10.) Stabile neither addresses the fact that he is no longer in custody under this conviction in his petition, nor replies to Respondent's argument that he is no longer in custody.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted if a petitioner is "in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in-custody" requirement is jurisdictional and must be addressed "before any merits-related matters like the applicable statute of limitations." *Clements v. Florida*, 59 F.4th 1204, 1209 (11th Cir. 2023)

3

(*Clements I*) (citing *Maleng v. Cook*, 490 U.S. 488, 490, 493–94 (1989); *Diaz v. State of Fla. Fourth Jud. Cir. ex rel. Duval Cty.*, 683 F.3d 1261, 1263 (11th Cir. 2012)).

"Florida's lifetime registration and reporting requirements for sex offenders [do] not place [a petitioner] 'in custody' under § 2254(a)."[4] *Clements I*, 59 F.4th at 1217 ("affirm[ing] the district court's dismissal of [a] habeas corpus petition for lack of jurisdiction[]" when the petitioner completed his sentence but was subject to Florida's sex offender registration requirement). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 491–92 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Stabile's sentence for the conviction he contests ended in 2007. Consequently, he is not "in custody" under § 2254 notwithstanding the requirement to register as a sex offender. *See Clements I*, 59 F.4th at 1217. The

---

[4] While Florida's registration requirement does not render a petitioner "in custody" under § 2254, whether Florida's sex offender residency requirement renders a petitioner "in custody" is still an open question. *See Clements I*, 59 F.4th at 1208 (ruling on Florida's reporting requirement but declining to address the residency requirement because it was raised for the first time on appeal); *see also Clements v. Sec'y, Dep't of Corr.*, 2025 WL 1892401, at *3 (11th Cir. July 9, 2025) (*Clements II*) (Petitioner filed a second § 2254 petition arguing that Florida's sex offender residency requirement rendered him "in custody." The district court dismissed the petition based on *Clements I*. The Eleventh Circuit vacated the dismissal and remanded the case to allow the parties to develop the record further before the district court determined whether the residency requirement sufficiently restricts petitioner's liberty.). Stabile contests only the sex offender registration requirement, not the residency requirement.

4

fact that Stabile is currently incarcerated for violating his sex offender registration requirement does not change the determination that he is not "in custody" under the 2003 conviction. *See Ridley v. Fla. Dep't of L. Enf't*, 2020 WL 2949834, at *4 (N.D. Fla. May 14, 2020), *report and recommendation adopted sub nom. Ridley v. Ford*, 2020 WL 2949907 (N.D. Fla. June 3, 2020) ("neither the registration requirement imposed nor his present incarceration for violating that requirement affords him the ability to challenge his 1996 conviction[]") (citation omitted); *Carter v. Sec'y, Dep't of Corr.*, 2016 WL 551796, at *1 (N.D. Fla. Jan. 13, 2016), *report and recommendation adopted*, 2016 WL 589879 (N.D. Fla. Feb. 11, 2016) (a petitioner serving a sentence for failure to comply with the sex offender registration requirement was not "in custody" under the conviction that imposed the registration requirement); *see also Maleng*, 490 U.S. at 492 (a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted"). Because Stabile is no longer "in custody" regarding the conviction that he contests in this petition, I do not have jurisdiction to grant him habeas relief. *See Clements I*, 59 F.4th at 1217.

Furthermore, even if Stabile met the "in custody" requirement, his claims are barred by the one-year statute of limitation. *See* 28 U.S.C. § 2244(d)(1). The limitation period begins to run on the date judgment becomes final. *Id.* § 2244(d)(1)(A). Judgment was entered against Stabile on

5

January 27, 2003. (Doc. 16-1, Ex. C, pp. 14–17.) He did not appeal, and therefore, his conviction became final on February 26, 2003. *See Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (if a "defendant does not pursue a direct appeal, the conviction becomes final when the time" to file a direct appeal expires); *see also* Fla. R. App. P. 9.140(b)(3) (a defendant must appeal within 30 days of the rendition of a final judgement or an order imposing a sentence). Stabile's time to file this petition expired on February 26, 2004, but he did not seek postconviction relief in federal or state court until November 2022.

Alternatively, under § 2244(d)(1)(D), the one-year limitation period can begin from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The limitation period starts when the new evidence was discoverable, not when the evidence was actually discovered. *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008). Stabile alleges neither newly discovered evidence nor due diligence. If his lawyer told him he would not have to register as a sex offender, Stabile should have discovered this error when he was released from prison and required to register in 2007. Stabile further does not allege any facts to demonstrate that he could not have

6

discovered Fla. Stat. § 943.04354 or the state attorney's "deliberate indifference" sooner.[5] Thus, his petition is untimely.

Stabile is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, a petitioner must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stabile has not made the requisite showing. As Stabile is not entitled to a COA, he cannot appeal in forma pauperis.

Accordingly, Stabile's petition for writ of habeas corpus, (Doc. 1), is **DISMISSED without prejudice**. The **CLERK** is directed to enter judgment against Stabile and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Ocala, Florida, on August 5, 2025.

Kathryn Kimball Mizelle
United States District Judge

---

[5] Even if Stabile's claims were able to proceed on the merits, this statute does not apply to him because he was 23 when he committed the crime and the victim was 13. (Doc. 16-1, p. 4.)

7